IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00130-RMR-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    Daniel Larson,

    Defendant.

**ORDER OF DETENTION**

    THIS MATTER came before the Court for a detention hearing on May 10, 2024.

    The government is requesting detention in this case.   The defendant contested detention. Both sides offered argument beyond the contents of the bail report.   In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant

2

is charged with multiple counts resulting from threats to bomb public places, including a Colorado courthouse, the University of Colorado campus, a non-profit center in Lakewood, Colorado and the White House. He also threatened an FBI agent and threatened to bomb the FBI headquarters. These threats were widely transmitted publicly via the internet, usually on videos, via apps such as TikTok, or YouTube.

Mr. Larson appears to have mental health issues. He has been homeless for years, and it was represented by counsel that he makes some money from his internet posting and may receive social security benefits. He is unemployed and has no stable place to live.

Although it is not clear whether Mr. Larson intended to actually act on his threats, or whether he had either the means or ability to act on those threats, a threat to bomb a public building or courthouse or university campus causes significant public harm; people are terrorized by such threats and it usually prompts a significant law enforcement response, as certain of the threats in this case did. At least with respect to the non-profit center, it had to be evacuated and its operations were adversely affected for hours. It was represented by the United States that Mr. Larson has been contacted repeatedly by the FBI and that he has admitted to making these threats. He was admonished by the FBI not to make additional threats. And yet he ignored this counsel and the conduct recurred. In addition, it was represented by the United States that Mr. Larson's conduct appears to be escalating, including recent statements to the effect that he "has been to jail" and learned "how to make a bomb." Mr. Larson has four prior warrants for failure to appear, and he has also had his probation revoked in a number of state court matters. He was

on state court probation in two separate cases during the commission of the alleged instant offense. The state court has ordered him to complete a mental health evaluation, which he has failed to do.

Based on these facts, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community or that the Defendant will appear at trial as required. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: May 10, 2024                    BY THE COURT:

*N. Reid Neureiter*

United States Magistrate Judge
N. Reid Neureiter