IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-CR-130 (RMR)

UNITED STATES OF AMERICA

v.

DANIEL LARSON,

Defendant.

---

## JOINT MOTION FOR A PSYCHOLOGICAL/PSYCHIATRIC EVALUATION

---

Pursuant to U.S. Const. Amend. V. and 18 U.S.C. § 4241, undersigned counsel and the government,[1] respectfully request the Court order Mr. Larson to undergo a psychiatric or psychological examination and to hold a hearing to determine whether he was both competent at the time of the alleged offenses in the indictment and whether he is currently competent to aid counsel in his defense of this case.

## I.     RELEVANT BACKGROUND

Mr. Larson has been charged with six counts of violating 18 U.S.C. § 844 (e) and one count of violating 18 U.S.C. § 875 (c). Docket Entry Number ("DE") 1. His initial appearance was held on May 1, 2024. DE 5. Counsel was appointed, DE 6, and the undersigned filed his notice of appearance. DE 8. Mr. Larson's arraignment, detention, and discovery hearings were held on May 10, 2024. DE 12. After entering a not guilty plea, and executing the discovery conference memo and order, Mr. Larson was ordered detained. DE 12; DE 15.

---

[1] The undersigned has consulted with the government and we both believe Mr. Larson should be evaluated.

## II.    LEGAL STANDARD

Section 4241 authorizes the Court to determine a defendant's competency. § 4241(a). Any "time after the commencement of a prosecution for an offense," either the government or the defendant can "file a motion for a hearing to determine [his] mental competency." Id. Mental competency refers to the defendant's ability "to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id.

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Id. The hearing is conducted pursuant to § 4247(d). § 4241(c).

Prior to the hearing to determine the defendant's competency, the Court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." § 4241(b). That examination must "be conducted by a licensed or certified psychiatrist or psychologist," or by more than one such examiner if the Court finds in appropriate. § 4247(b). The Court must designate the examiner; however, at the defendant's request, he may select an additional examiner. Id. For purposes of the examination, the Court may commit the person to be evaluated "for a reasonable period," not to exceed thirty days, "to the custody of the Attorney General for placement in a suitable facility." Id. The examination must be conducted in a "suitability facility closest to the Court." Id.

If the Court orders the completion of "[a] psychiatric or psychological report," that report must "be prepared by the examiner designated to conduct the psychiatric or psychological examination." § 4247(c). The report must include:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and--

> (A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]

§ 4247(c). Once the report is completed, it is filed with the Court, and "copies provided to the counsel for the person examined and to the attorney for the Government." *Id.*

At the hearing, the defendant is represented by counsel, and must "be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." § 4247(d). After the hearing, if the Court

> finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

*Id.* The defendant is then hospitalized for treatment:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

§ 4247(d). If the defendant's mental condition does not improve to permit the case to go forward, he "subject to the provisions of sections 4246 and 4248." § 4247(d).

### III.      MR. LARSON NEEDS TO BE EVALUATED

Based on the information contained in the pretrial services report, his interactions with others in this case, and his interactions with employees of the detention center, the government and the undersigned believe there is reasonable cause to believe Mr. Larson "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).

Accordingly, the government and the undersigned believe that the Court should conduct a hearing to "determine [Mr. Larson's] mental competency." *Id.* Specifically, to determine Mr. Larson's ability "to understand the nature and consequences of the proceedings against him [and] to assist properly in his defense." *Id.* In preparation for that hearing, the Court should order the completion of "[a] psychiatric or psychological report." § 4247(c).

### IV.      CONCLUSION

Based on the foregoing, the government and the undersigned respectfully request the Court:

(1) order a psychiatric or psychological evaluation and report for Mr. Larson to determine if he is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,

(2) allow Mr. Larson to select an additional examiner to determine his competency, if needed,

(3) conduct a hearing to determine Mr. Larson's competency to proceed, and

(4) stay the pending case until Mr. Larson is evaluated and the Court holds a hearing to determine his competency.[2]

Respectfully submitted, this 23rd day of May, 2024.

VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*

JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Mr. Larson

---

[2] The undersigned is attaching a proposed order for the Court to consider. The order has been used in similar cases with similar issues.

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2024, I electronically filed the foregoing **JOINT MOTION FOR A PSYCHOLOGICAL/PSYCHIATRIC EVALUATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alison M. Connaughty, Assistant United States Attorney
Email: alison.connaughty@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Daniel Larson (Via U.S. Mail)



VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Mr. Larson