IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-CR-130 (RMR)

UNITED STATES OF AMERICA

v.

DANIEL LARSON,

Defendant.

ORDER RE: MOTION FOR EVALUATION PURSUANT TO 18 USC 4241

This matter is before me for consideration of the Joint Motion filed in this case at Docket Entry Number ("DE") 17 and pursuant to 18 USC 4241 requesting an Order authorizing a psychiatric or psychological examination pursuant to section 4241 (b) for the purpose of determining competency (hereinafter "Motion").

Upon consideration of the grounds set forth by Defense Counsel, the pertinent law, and being fully advised in the premises, the Court Finds as follows.

Counsel for the Defendant presented the Court with a brief explanation of the underlying reasons why Counsel was raising the issue of competency, moreover the pretrial report set forth history and current circumstances as to the concerns raised about the mental health of the Defendant.

Accordingly, the Court **GRANTS** the Joint Motion and Orders that the Defendant shall undergo a mental health examination for competency as set forth in detail below. There is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is hereby ORDERED pursuant to Title 18 sections 4241(a)(b)(c), 4247(b) and 4247(c) of the United States Code as follows:

(1) The Defendant shall remain in custody to await designation for confinement in a suitable facility, closest to the court, for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatrists and/or psychologists. After designation of the facility is received, the Defendant shall be transported by the US Marshal's Office to such facility. Depending on local practice for the US District Court for the District of Colorado, the examination(s) shall be completed locally if the necessary professional disciplines are readily available to complete the examination.

(2) The purposes of the evaluation shall be:

   a. For conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists or psychologists; and

   b. For the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) Pursuant to Rule 12.2 (c), the Defendant is to submit to such examination as ordered above.

(4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examination shall pursuant to 18 USC 4247(c) file with the Court as soon as possible after the completion of such examinations a report. The Court hereby directs the Clerk of the Court to cause the same reports filed to be filed as Restricted Level 1. Said report shall include:

   a. The Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological and medical tests that were employed and the results;

   c. The examiner's findings;

   d. The examiner's opinion as to the diagnosis and prognosis; and

   e. Whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(6)** Pursuant to 18 USC 4247 (b), the Defendant shall be committed to the custody of the Attorney General for the purpose of such examination for a reasonable period of time not to exceed thirty (30) days unless said time period is extended upon a showing of good cause that the additional time is necessary to observe and evaluate the Defendant and the extension is approved by the Court, but the extension shall not exceed an additional fifteen (15) days.

**(7)** The Defendant shall forthwith be returned to the custody of the US Marshal's Office at the completion of the evaluation or the expiration of the 30-day period, or 45-day period if an extension has been granted, whichever occurs first.

**(8)** The Court authorizes allocation of funds to pay for the costs of the examination and evaluation. The Defendant shall not be required to pay for the cost of this examination and evaluation.

**(9)** In addition to the matters specified in 18 USC 4247 (c), the report shall include findings and opinions as to whether Defendant is competent to waive - in a knowing, voluntary, and intelligent manner - his right to trial, and instead plead guilty in this matter.

**(10)** After completion of the report, a competency hearing may be set upon request of either party by jointly calling the Court's courtroom clerk.

**(11)** The Court Further Orders that all currently set deadlines and dates, including the trial date, be vacated and pursuant to 18 USC 3161 (h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed. The parties are to file an updated speedy trial memorandum within 10 days of the completion of the evaluation.

**(12)** The Clerk is directed to serve copies of this Order on Counsel of record and to serve certified copies on the US Marshal.

SO ORDERED in Denver, Colorado on this _____ day of _____, 2024.

BY THE COURT

_____
UNITED STATES DISTRICT JUDGE