IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:24-CR-130 (RMR)

UNITED STATES OF AMERICA

v.

DANIEL LARSON,

Defendant.

## JOINT SPEEDY TRIAL MEMORANDUM

Pursuant to the Court's May 23, 2024, order, the parties file their respective Speedy Trial calculations.

### I. RELEVANT BACKGROUND

On May 23, 2024, the undersigned – joined by the government – filed a motion requesting

> Mr. Larson to undergo a psychiatric or psychological examination and to hold a hearing to determine whether he was both competent at the time of the alleged offenses in the indictment and whether he is currently competent to aid counsel in his defense of this case.

Docket Entry Number ("DE") 17:1. The Court granted that request the same day. DE 18. The Court's order requires the parties to submit "an updated speedy trial memorandum within 10 days of the completion of the evaluation." *Id.* at 3, ¶ 11. The evaluation was completed and submitted on July 11, 2024. DE 22. The Court has scheduled a competency hearing to be held on September 23, 2024. DE 23.

### II. THE PARTIES' CALCULATIONS

The parties have discussed the advisory guideline calculation and come to separate conclusions. However, the parties do agree 13 days have expired from the 70-day Speedy Trial

calculation: the period from the Arraignment, Discovery, and Detention Hearings, DE 12 (May 10, 2024) through the filing of the joint motion for an evaluation, DE 17 (May 23, 2024), and the Court's prompt resolution of that motion, DE 18 (May 23, 2024), result in the expiration of 13 days. Mr. Larson believes an additional 19 days have expired – at total of 32 days – leaving 38 days. Specifically, Mr. Larson believes the Speedy Trial Clock began running again after the thirty days permitted by 18 U.S.C. § 4247(b) ("the court may commit the person to be examined for a reasonable period, but not to exceed thirty days") for the evaluation expired and the Bureau of Prisons ("BOP") did not request an additional fifteen days. *Id.* (the thirty days for the evaluation can be extended by fifteen days "upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant").

The BOP has 10 excludable days to transport an individual to the facility for the evaluation. 18 U.S.C. § 3161(1)(h)(F). Mr. Larson was evaluated at the Federal Detention Center in Englewood ("Englewood"). He arrived at Englewood on May 30, 2024. DE 22:1. Mr. Larson contends that as a result, the seven days it took to transport Mr. Larson to Englewood are excluded. § 3161(1)(h)(F). Mr. Larson contends that the thirty-days for the evaluation are also excluded, § 3161(1)(h)(A), and the clock would start running again once that evaluation was supposed to be completed. *Id.* Because the BOP did not request an extension, Mr. Larson contends that the thirty days to complete the evaluation expired on June 29, 2024, and the Speedy Trial clock started running again. Mr. Larson contends that the result is another 19 days have counted toward the Speedy Trial clock.

The Government contends that, under 18 U.S.C. § 3161(h)(1)(A), and pursuant to the Court's order at DE 18 at paragraph 11, the case is still in a period of delay resulting from proceedings "to determine the mental competency or physical capacity of the defendant" and that only 13 days have expired in total. The Court ordered an evaluation to determine Mr. Larson's competency pursuant to 18 U.S.C. § 4247(b) and the parties have received an evaluation concerning

the defendant's competency. The Court has not yet made a finding or determination regarding the defendant's competency pursuant to 18 U.S.C. § 4247(d), and therefore the trial clock has not restarted. That finding or determination will not occur until the competency hearing or a court order. The Government does not agree that the statutes cited by the defense concerning limits within which evaluations must be completed apply to the speedy trial calculation and, as the proceedings are still in the process of determining the mental competency or physical capacity of the defendant, speedy trial is tolled under 18 U.S.C. § 3161(h)(1)(A).

### III.   CONCLUSION

The Government believes 13 days have expired – leaving 57 days on the Speedy Trial clock. Mr. Larson believes 32 days have expired – leaving 38 days on the Speedy Trial Clock.

Respectfully submitted, this 19th day of July, 2024.

VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Mr. Larson

MATTHEW T. KIRSCH
Acting United States Attorney

*s/ Alison Connaughty*
Alison Connaughty
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
alison.connaughty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I electronically filed the foregoing *Joint Speedy Trial Memorandum* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alison M. Connaughty, Assistant United States Attorney
Email: alison.connaughty@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Daniel Larson (via U.S. Mail)

VIRGINIA L. GRADY
Federal Public Defender

*s/ Jared Scott Westbroek*
JARED SCOTT WESTBROEK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email:  jared_westbroek@fd.org
Attorney for Mr. Larson