IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 24-cr-00130-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DANIEL LARSON,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DANIEL LARSON'S STATUS REPORT AND REQUEST FOR IMMEDIATE TRANSPORT TO A "SUITABLE FACILITY" [ECF #29]**

---

The United States of America, by and through undersigned counsel, and counsel for the defendant, hereby files this Response to the Defendant's Status Report in compliance with the Court's Order [ECF #30], and states as follows:

**I.    Background**

On April 25, 2024, the Defendant was indicted on seven counts related to interstate threats pursuant to 18 U.S.C. 875(c) and 844(e) [ECF #1]. The Defendant was arraigned on the charges in this case on May 10, 2024, and ultimately detained by the Court. On May 23, 2024, the parties filed a joint Motion for Evaluation on Competency [ECF #17]. 18 U.S.C. § § 3161(h)(1)(d) addresses the delay resulting from any pretrial motion on computing the time within which the trial of any offense must commence, and dictates that speedy trial then tolled during the pendency of the Joint Motion. The Court ordered an evaluation on the same date [ECF #18]. The initial evaluation of the Defendant found

him to be incompetent, and on July 26, 2024, the Defendant was committed to the custody of the Attorney General for a restoration examination and treatment pursuant to 18 U.S.C. § 4241(d) [ECF #26].

The provisions of 18 U.S.C. § § 3161(h)(1)(A) and (4) address the impact any delays related to the defendant's competency should have on time limits and exclusions for speedy trial. Therefore, speedy trial has continued to toll since the date the Defendant's competency was raised by this Court.

The Bureau of Prisons (BOP) designated the Defendant to a suitable facility for restoration and further examination on August 1, 2024, after receipt of the Court's Order on July 26, 2024. The Defendant has been on the wait list for restoration and further examination at the MCFP Springfield Bureau of Prisons facility, a federal medical facility (FMC) capable of these types of services, since that date, and BOP's estimated transport date for the Defendant based on bed availability is in December 2024.

## II.    Legal Framework

In *Jackson v. Indiana*, the Supreme Court held that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than a reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." 406 U.S. 715, 738 (1972). The *Jackson* Court concluded that the Due Process Clause mandated a rule of reasonableness. *See id.* at 731. There, the Supreme Court found a due process violation where the defendant was committed "until such time as [the Indiana Department of Mental Health] should certify to the court that 'the defendant is

sane,'" and, at that time, had been confined for three-and-a-half years despite evidence demonstrating that he was unlikely to "ever be able to participate fully in a trial." *See id.* at 731, 738–39.

In response to *Jackson*, Congress enacted 18 U.S.C. § 4241. *See United States v. Magassouba*, 544 F.3d 387, 403 (2d Cir. 2008) (reciting statutory history). As relevant here, § 4241(d) states that upon a finding of incompetence "the court shall commit the defendant to the custody of the Attorney General." The following sentence provides that:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

18 U.S.C. § 4241(d)(1). The statute also permits a defendant's continued hospitalization for "an additional reasonable period of time until" his mental condition improves or the pending charges are disposed of. 18 U.S.C. § 4241(d)(2)(A)–(B).

## III. Argument

### a. Pursuant to the plain language of § 4241(d)(1), the four-month time period only begins to run when the defendant is hospitalized, which has not yet happened here.

The Defendant argues that § 4241(d)(1)'s four-month time period starts upon commitment, and, therefore, is currently running in this case. Not so. As set forth above, the plain language of § 4241(d)(1) ties the four-month time period to a defendant's hospitalization, not his commitment to the custody of the Attorney General. This Court's order is consistent with that statutory language [ECF #26]. Accordingly, the four-month

clock has not started in this case because the Defendant has not yet been hospitalized at an FMC.

Other courts have reached the same conclusion regarding whether the four-month time period starts upon a defendant's commitment or hospitalization. In *United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008), although the Second Circuit concluded that the government violated § 4241(d)(1)'s four-month limit, in doing so it did not include the period of pre-hospitalization delay. *See id.* at 408 ("[W]e construe § 4241(d)(1) to impose a four-month limit only on the Attorney General's authority to hold an incompetent defendant in custodial hospitalization for the purpose of determining the probability of his regaining competency."). The district court in *United States v. Gamarra*, 308 F. Supp. 3d 230 (D.D.C. 2018), relying on *Magassouba*, similarly concluded that "the clear language of [§ 4241(d)(1)] refers to the period of time for which the defendant is actually hospitalized; nowhere does it refer to the date on which a court orders the hospitalization as the date from which that period starts." *Gamarra*, 308 F. Supp. 3d at 233 n.1. The district court, therefore, determined that the defendant's "statutory period of confinement began on September 19, 2017, when he was actually hospitalized." *Id.* Even the Ninth Circuit's decision in *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022), despite finding excessive pre-hospitalization delay, did not conclude that § 4241(d)(1)'s four-month limit starts upon commitment to the Attorney General's custody. *See id.* at 1105 (declining to decide whether the statute allows some period of pre-hospitalization delay and instead concluding that the pre-hospitalization delay fell "outside any constitutional reading of the statute"). Accordingly, because the Defendant has not yet been

hospitalized at an FMC, his argument that the four-month time period is running is unavailing and does not warrant the relief he now seeks.

Nor does *United States v. Carter*, 583 F. Supp. 3d 94 (D.D.C. 2022), on which the Defendant relies, warrant a different conclusion. Although the district court there concluded that the failure to transport the defendant to a facility for evaluation within four months violated § 4241(d), that result is contrary to *Magassouba*, *Gamarra*, and the statutory text of § 4241(d). The court in *Carter*—without much explanation—interpreted § 4241(d) as requiring the government to hospitalize a defendant "as soon as the government obtains 'custody' over him." *Carter*, 583 F. Supp. 3d at 100. As set forth above, that interpretation is not consistent with the plain, unambiguous language of § 4241(d). Accordingly, this Court should decline to follow *Carter* as persuasive authority. *See United States v. Belgarde*, Case No. 21-cr-58, 2022 WL 2983599, at *2 (D.N.D. July 28, 2022) (declining to follow *Carter* as persuasive authority because court disagreed with *Carter*'s statutory interpretation of § 4241(d)(1)).

This is not to say that a defendant could be held in indefinite pre-hospitalization limbo. *Jackson* prevents that result. *See Jackson*, 406 U.S. at 731 (holding that state's "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process"). And that is not a concern here, where BOP has stated that the Defendant will be transported and hospitalized for competency restoration in December 2024.

    **b.**    **This Court's Order is sufficient to trigger the necessary transport of the Defendant.**

The Defendant further seeks an additional order trying to speed up the process of the Defendant's restoration and evaluation. The Court's Order at ECF #26 has already resulted in the Defendant being designated to an FMC. The BOP is actively working to make bed space available for the Defendant, and the Defendant has provided no reason or authority upon which this Court can or should rely to order the BOP to transport the Defendant any faster, or remove other defendants from the FMC that is qualified to evaluate the Defendant.

**IV.**    **Conclusion**

Based on the above caselaw and statutory interpretation, the Defendant is wrong in his assertion that the BOP's time to evaluate the Defendant expires on November 25, 2024. The plain language of that statute provides that the four-month time period begins upon the defendant's hospitalization, which will begin in December 2024.

Dated this 3rd day of October, 2024.

                Respectfully submitted,

                MATTHEW T. KIRSCH
                Acting United States Attorney

                By: *s/Alison Connaughty*
                Alison Connaughty
                Assistant United States Attorney
                U.S. Attorney's Office
                1801 California St. Suite 1600
                Denver, CO 80202
                Telephone:  (303) 454-0100
                alison.connaughty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DANIEL LARSON'S STATUS REPORT AND REQUEST FOR IMMEDIATE TRANSPORT TO A "SUITABLE FACILITY" [ECF #29]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/Maggie Grenvik*
Maggie Grenvik
Legal Assistant