**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Criminal Case No. 1:24-cr-130-RMR

UNITED STATES OF AMERICA

     Plaintiff,

v.

DANIEL LARSON,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the Defendant's Status Report and Request for Immediate Transfer to a "Suitable Facility" (the "Motion"). ECF No. 29. The Court has considered the Government's Response, ECF No. 31, and the entire record in this case. For the reasons discussed below, the Court will deny the motion without prejudice.

## I.   BACKGROUND

     On April 24, 2024, Defendant was charged by Indictment with six counts of violating 18 U.S.C. § 844 (e), use or threatened use of explosive material, and one count of violating 18 U.S.C. § 875 (c), communicating a threat. ECF No. 1. On May 1, 2024, Defendant was arrested and has been detained ever since. ECF No. 15. On May 23, 2024, counsel for the parties filed a Joint Motion for a Psychological/Psychiatric Evaluation (ECF No. 17) to determine whether Defendant was both competent at the

time of the alleged offenses in the indictment and whether he is currently competent to aid counsel in his defense of this case. Defendant was the subject of a forensic evaluation. ECF No. 22. This evaluation concluded that Defendant is not currently competent to proceed with his case and that he is not currently competent to waive his right to trial in a knowing, voluntary, and intelligent manner. On July 11, 2024, the parties jointly filed a Motion Requesting Court Finding on Competency. ECF No. 24. On July 26, 2024, the Court ordered the Defendant be committed to the custody of the Attorney General to "hospitalize Defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward" pursuant to 18 U.S.C. § 4241(d). ECF No. 26.

On September 25, 2024, Defendant filed the instant Motion. The Motion indicated that, despite the Court's order two months prior that Defendant be transported and hospitalized for a term of no more than four months, Defendant remained in the Federal Detention Center. The Motion states that "the Bureau of Prisons ("BOP") has yet to designate a facility for Mr. Larson's restoration evaluation because it has a backlog of inmates waiting for restoration services." ECF No. 29 at 1. Defendant argues that the Insanity Defense Reform Act ("IDRA") "***strictly*** limits the mandated evaluation/restoration period that follows an incompetency finding to four months" and that "[t]he BOP's time to evaluate Mr. Larson – and submit a report regarding its evaluation – will expire no later than November 25, 2024." *Id.* at 4, 6 (emphasis in the

original). Defendant also argues the Speedy Trial Act, 18 U.S.C. §3161, will be violated if he is not immediately transferred to a suitable facility. Defendant argues that the speedy trial clock will start running again on November 23, 2024, and will expire on December 31, 2024.

Defendant seeks an order requiring he be transferred to a suitable facility within seven days and the BOP provide the Court with its evaluation by November 25, 2024. Defendant argues that if the BOP fails to do either, the Court should dismiss the case. In response, the Government argues that the four-month period described by 18 U.S.C. § 4242(d)(1) has not yet begun to run because the period only begins to run when Defendant is hospitalized, which has not yet happened. ECF No. 31. The Government also states that the BOP "designated the Defendant to a suitable facility for restoration and further examination on August 1, 2024," and "BOP's estimated transport date for the Defendant based on bed availability is in December 2024." *Id.* at 2.

## II.       Discussion

### A.       IDRA

The IDRA sets out the procedure courts must follow when a defendant's competency is called into question. The statute provides that "the court shall commit the defendant to the custody of the Attorney General" and that "the Attorney General shall hospitalize the defendant for treatment in a suitable facility for such period of time, not to exceed four months," to determine whether the defendant's competence can be restored. 18 U.S.C. §4241(d)(1). The statute provides that if, at the end of that period, the defendant's competence is not restored, the defendant will typically be discharged

to state authorities for further care and treatment. *Id.* (citing 18 U.S.C. §4246(d)). The question is whether the four-month statutory cap under §4241(d)(1) begins only once the defendant is admitted to a facility for treatment and diagnosis.

This Court agrees with the analysis in *United States v. Castrellon*, No. 22-CR-00112-CMA-GPG, 2023 WL 2330688, at *3 (D. Colo. Mar. 1, 2023), *report and recommendation adopted in part*, No. 22-CR-00112-GPG, 2023 WL 9957097 (D. Colo. May 12, 2023), which relies on the analysis in *U.S. v. Magassouba*, 544 F.3d 387 (2d Cir. 2008) and *U.S. v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022) for its finding that the four-month period in § 4241(d) begins running upon the hospitalization of the defendant. Therefore, no violation of § 4241(d)(1) will occur if Defendant is not evaluated by November 25, 2024, four months from this Court's order on July 26, 2024, because Defendant has not yet been hospitalized to begin the restoration process.

However, in *Jackson v. Indiana*, 406 U.S. 715 (1972), the Supreme Court made clear that a person charged "with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." The question becomes what a reasonable period for pre-hospitalization confinement is. In *Donnelly*, the Ninth Circuit determined eight months of pre-hospitalization commitment was too long and remanded the case back to the district court with instructions to order the Attorney General to hospitalize the defendant within seven days. 41 F.4th at 1107–08. ("We make no ruling as to the maximum allowable length of a pre-hospitalization commitment period, but hold that the

eight months Donnelly has waited to be hospitalized in a suitable facility plainly exceeds whatever period the statute conceivably allows."). Within the Tenth Circuit, a district court ordered the Attorney General to transport the defendant to a suitable facility within seven days after waiting in pre-hospital confinement for over four months from June to October 2022 rather than grant the defendant's motion to dismiss the indictment. *United States v. Leusogi*, No. 2:21-CR-32-TS, 2022 WL 11154688, at *3 (D. Utah Oct. 19, 2022). The district court judge ultimately dismissed the indictment less than a month later because the defendant was not likely to be transferred until February 2023, which would have required the defendant to be incarcerated for eight months awaiting transfer "—a time period the Ninth Circuit has deemed to violate a defendant's statutory rights under the IDRA." *United States v. Leusogi*, No. 2:21-CR-32-TS, 2022 WL 16855426, at *3 (D. Utah Nov. 10, 2022).

Another case in this district presents the same facts as Mr. Larson's situation. The defendant was determined to be incompetent on July 15, 2022. In December 2022, the Government filed a Status Report saying the defendant had been designated to a facility on July 22, 2022. Still, because of the wait, he would not be transported until early April 2023. Defendant filed a motion to dismiss. The magistrate judge recommended denying the motion to dismiss, but warned "[i[f Mr. Castrellon is not assigned to a suitable facility and beginning treatment by April 10, 2023, this Court, like the court in *Donnelly*, would then strongly entertain dismissing the indictment at that time." *Castrellon*, 2023 WL 2330688, at *4. Defendant renewed his motion to dismiss because Defendant was not transported until April 18, 2023, after the April 10, 2023

deadline. This time the district court granted the motion to dismiss, finding "that a pre-hospitalization commitment period of six months and beyond is unreasonable." *Castrellon*, 2023 WL 9956052, at *2 (citing *Donnelly*, 41 F.4th at 1106).

Here, the Government has represented that the estimated transport date for Defendant is December 2024. If Defendant is transported by the end of December 31, 2024, he will have spent a little over five months awaiting designation to a medical facility. Five months is less than the eight months found to be unreasonable in *Donnelly* and *Leusogi*. It is also less than the six months found to be unreasonable in *Castrellon*. Rather than enjoin the Government to effectuate the immediate hospitalization of Defendant, the Court will do as the court in *Castrellon* did and hold the Government to its representation. If Defendant is not transported to a suitable facility for treatment by December 31, 2024, this Court "would [ ] strongly entertain dismissing the indictment at that time." *Castrellon*, 2023 WL 2330688, at *4.

**B.    Speedy Trial**

Defendant contends that "the [speedy trial] clock will start running again on November 23, 2024 – and will expire on December 31, 2024." ECF No. 29 at 19. Generally speaking, the Speedy Trial Act requires that a defendant be brought to trial within 70 days of his indictment, 18 U.S.C. §3161(c), although that time period is subject to a wide array of circumstances that toll that 70-day clock. *See* 18 U.S.C. §3161(h). 18 U.S.C. §3161(h)(4) provides that the 70-day clock is tolled for "any period of delay resulting from the fact that the defendant is mentally incompetent [ ] to stand trial." 18 U.S.C. §3161(h)(1)(F), authorizes a tolling of the speedy trial clock for "delay resulting

from transportation of any defendant [ ] to and from places of examination of hospitalization," but which expressly provides that such tolling is limited to 10 days. Defendant argues that the ongoing delay is not a result of his incompetence, but rather the result of the government's failure to transport him to a suitable place of hospitalization. The Court in *Castrellon* considered this exact argument and persuasively rejected it. WL 2330688, at *5 (D. Colo. Mar. 1, 2023). There the court found that the speedy trial clock was tolled from the time the Court determined that the defendant was not competent to proceed to trial until his competency was restored pursuant to 18 U.S.C.§ 4241(d)(1) and (2). The court also found that the 10-day limit of § 3161(h)(1)(F) is only appropriate when the Marshals Service fails "to expeditiously transfer the defendant to an available facility," rather than "restrict the accommodation of medical facilities hampered by limited bed space." *Id.* at *4-5 (quoting *U.S. v. Bashar*, 3 F.Supp.3d 541, 544 (E.D.Va. 2014)).

Here, there is no showing that an appropriate facility is willing to accept Defendant, and that it is the Marshals Service that is delaying his transport. Rather the delay is attributed to the lack of available bed space. Therefore, the 10-day limitation under § 3161(h)(1)(F) does not apply. This Court determined on July 26, 2024, that Defendant is not competent to proceed to trial. Under 18 U.S.C. § 3161(h)(4), the speedy trial clock was tolled starting on July 26, 2024, and remains tolled until Defendant's competency is restored. As of right now, the Court does not find that Defendant has suffered any deprivation of his statutory Speedy Trial rights.

For the foregoing reasons, Defendant's Motion for Immediate Transfer is **DENIED WITHOUT PREJUDICE**. If Defendant is not assigned to a suitable facility and beginning treatment by December 31, 2024, this Court, like the courts in *Castrellon* and *Donnelly*, would then strongly entertain dismissing the indictment at that time.

DATED: October 9, 2024

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge