CO-PROB12B
(Revised 8/25-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. DANIEL LARSON CASE NO. 24-cr-00130-RMR-01

## PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Damillah Williams, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Daniel Larson, who was placed on supervision by the Honorable Regina M. Rodriguez, sitting in the United States District Court in Denver, Colorado, on July 21, 2026. The defendant was sentenced to time served imprisonment and 2 years' supervised release for an offense of Interstate Communication of Threats, in violation of 18 U.S.C. § 875(c). Supervision commenced on July 23, 2026, and is set to expire on July 22, 2028. As noted in the judgment [Document 153], the Court ordered mandatory, special and standard conditions of supervision.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant's offense conduct according to the Presentence Investigation Report involved the defendant accessing social media, via internet access, and transmitting threats to do harm toward community members, law enforcement, universities, a record company, and/or government buildings to include the White House. Furthermore, the defendant appeared to be contacted by several individuals misrepresenting themselves to deceive and "troll' the defendant. The trolling behavior convinced the defendant to post, "I love CP" and later went on livestream video stating he was a pedophile wherein he appeared in the nude. Lastly, the defendant posted on Reddit concerning conversations between him and someone claiming to be GV and GV's mother.

Since the onset of supervised release, the defendant has been utilizing a tablet that is owned and operated by his host and the defendant. Thus far, the host and defendant has granted this officer permission to review the internet and/or social media usage on the device with no limitations or restrictions to the review. However, at times, it is unclear what and/or when the defendant is engaging in internet usage on the tablet. Additionally, the defendant regularly utilizes online platforms such as YouTube and Reddit but is logged into the host's accounts when using these sites. As of November 13, 2026, I observed that the defendant is starting to make posts on a newly developed YouTube account as of November 8, 2026, which he has posted 18 videos between November 8, 2026, through November 12, 2026, using an unknown device and/or "my friends account." On November 16, 2026, it was also observed that the defendant is now posting from an unknown smart phone on his TikTok platform about GV making sex tapes as a minor.

On October 22, 2026, an unannounced home visit was conducted. During the home visit, the defendant reported that he had a “girlfriend” and was in a relationship with GV. He informed me that GV lived in Georgia and they were actively making plans for her to travel to Colorado to visit him. Both the relationship and travel plans were unbeknownst to the host, this officer, or his attorney. This officer asked the defendant to speak with his attorney and his guardianship team about his relationship before considering her visiting him which he agreed.

During home visits on October 27, and October 30, 2026, I conducted a more thorough review of the defendant’s most recent online usage with YouTube and Reddit. The defendant’s Reddit message history reviewed concerning conversations between two individuals he identified as his “friends,” which he identified as Mike and Josh. Additionally, there was one conversation I reviewed between him and an individual who portrayed themselves to be GV, which this officer believes is a fake account for GV. The conversations between his “friends” contained several messages where the messages from defendant to these individuals could be portrayed as badgering. The defendant makes several messages instructing these individuals to make contact and/or relay messages from him to GV and thereafter sends multiple messages after the instruction to see if GV has replied. When speaking with the defendant about why he is pressuring Mike and Josh to send messages for him to GV and not speaking directly to his “girlfriend,” the defendant initially believed that he was having a conversation with her but later acknowledged that the communication was solely through his “friends.”

The defendant sent a concerning message to whom he believed to be GV. After a brief review of GV’s social media platforms, as of October 2026, she was actively in a relationship with another male. There is no evidence that the defendant and GV have any type of relationship and the communication from the defendant, if any, appears to solely be occurring through third party directives to his online “friends.” On November 3, 2026, I reviewed and explained the legal definitions of harassment with the defendant and directed him to further speak with his attorney about these concerns. Furthermore, I spoke with the defendant’s attorney and his guardianship team about purchasing the defendant his own computer so his online usage can be better and more accurately monitored. Additionally, I spoke with them about the need for computer monitoring due to concerns relating to GV which all parties agreed.

Based on the index offense and the complexity of his internet usage, the numerous accounts on various platforms he has and continues to create, it is recommended to modify the defendant’s conditions to require computer monitoring. Although there has been full cooperation with reviewing the utilized device in the home, the defendant spends countless hours on the internet on a daily basis which can’t effectively be reviewed during home visits. The recommended condition will assist in monitoring his internet activities and help better protect the defendant and the public. Additionally, this can serve as a tool to assist the defendant’s treatment team to address issues and concerns of his internet usage and/or conduct.

On October 30, 2026, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision. Assistant U.S. Attorney Jasand Mock was contacted and has no objection to the proposed modification.

**RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:**

Modification of the terms of supervised release to include the following special condition(s):

1. Your use of computers and internet capable devices will be limited to those you request to use and which the probation officer authorizes. The probation officer may not prohibit lawful internet use except to impose restrictions on the types of computers or internet capable devices that you may use, to provide necessary restrictions to facilitate correctional treatment and rehabilitation, and to protect the public from any further crimes. Authorization for use of any computer or internet capable device shall be based on the ability of the computer device to be effectively monitored by monitoring software utilized by the Probation Office. You must disclose any username or identification(s) and password(s) for all computers or internet capable devices to the probation officer.

I DECLARE under penalty of perjury that the foregoing is true and correct.

***s/Damillah Williams***

Damillah Williams
Senior United States Probation Officer
Place: Denver
Date: November 18, 2026

***s/Edgar T. Ruiz***

Edgar T. Ruiz
Supervisory United States Probation Officer
Place: Denver
Date: November 18, 2026